Robert B. Carey (SBN 011186)
John M. DeStefano (SBN 025440)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
       johnd@hbsslaw.com

Brett L. Slavicek (SBN 019306)
James Fucetola (SBN 029332)
Justin Henry (SBN 027711)
**THE SLAVICEK LAW FIRM**
5500 North 24th Street
Phoenix, Arizona 85016
Telephone: (602) 285-4435
Facsimile: (602) 287-9184
Email: brett@slaviceklaw.com
       james@slaviceklaw.com
       justin@slaviceklaw.com

*Attorneys for Plaintiffs*

*[Additional counsel on signature page]*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Dale, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Travelers Property Casualty Insurance Company,<br><br>Defendant. | Case No.  CV-22-01659-PHX-SPL<br>         CV-22-01847-PHX-SPL<br><br>(Consolidated)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>(Honorable Steven P. Logan) |
| Cameron Bode, a single man,<br><br>Plaintiff,<br><br>v.<br><br>Travelers Property Casualty Insurance Company,<br><br>Defendant. | |

## I.     INTRODUCTION

Nothing has changed since the Court preliminarily approved this Settlement. The Settlement Agreement remains fair, reasonable, and adequate. The $14,970,00.00 cash payment provides a significant recovery for the Class, representing approximately 160.9% of the benefits of the total Class damages, a significant recovery for a case for 303 Class members.[1] *See* ECF No. 52 at 7–9.

The Settlement is well-received by the Class Members. Direct notice to the Class was extremely successful, with 100% of the 303 Class Members receiving notice. No Class Member filed an opposition. And no Class Member opted out. Every member of the Class has chosen to stay and benefit from the Settlement.

Because nothing has changed since preliminary approval and the Class reception has been overwhelmingly positive, the Court should grant final approval.

## II.     THE SETTLEMENT SHOULD BE APPROVED

**A.     Notice under Rule 23 has been satisfied.**

This Court previously approved the proposed notice plan as meeting the requirements of Rule 23.[2] ECF No. 50. In compliance with that plan, Epiq, the Settlement Administrator, posted copies of the Settlement Agreement and the Preliminary Approval Order, as well as the Notice and Motion for Preliminary Approval to the settlement website on December 27, 2024. Declaration of Lucas Q. Meyer Regarding Implementation of Notice and Settlement Administration ("Meyer Decl.") ¶¶ 2,14 (attached as Exhibit A). Epiq also posted FAQs to the settlement website. *Id.* ¶ 14. A copy of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards was posted to the settlement website after it was filed. *Id.*

---

[1] The Class list consist of 305 insureds but counsel for Defendant has informed Plaintiffs' counsel that two of the Class Members have settled their claims and thus are not a part of the settlement Class.

[2] Defendant does not concede this case would have been appropriate for certification for a litigation class, and reserves all rights in this regard should the settlement not be finally approved or not be fully effectuated for any reason.

As directed by this Court, Epiq began sending notice of the Settlement to the Class starting December 30, 3035. *Id.* ¶ 11. As of March 13, 2025, Epiq successfully mailed notice to all 303 Class Members, with no notices known to be undeliverable, or a 100% deliverable rate. *Id.* ¶ 13. In other words, 100% of the Class members have received direct notice by mail in the form approved by this Court. *Id.* The total cost of notice to the Class was $20,500, with an additional $204,900 to be spent by Epiq on resolving any Medicare liens. *Id.* ¶ 20.

No Class Members requested to be excluded and no Class Members have filed an objection to the Settlement. *Id.* ¶¶ 18-19.

**B.      The Settlement is fair, reasonable, and adequate.**

In granting final approval of a proposed class action settlement, the Court must determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 830 (N.D. Cal. 2017) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). Plaintiffs addressed the first six factors in their Motion for Preliminary Approval and incorporate those arguments by reference. *See* ECF No. 52. Because the Court found those factors weighed in favor of preliminary approval and nothing has changed, Plaintiffs will not repeat them here. ECF No. 55. The two factors the Court did not consider at preliminary approval—the presence of a governmental participant and the reaction of the Class—also weigh in favor of granting final approval of the Settlement.

**1.    The presence of a government participant.**

There is no governmental participant in this case. Defendant provided CAFA notice of the proposed Settlement, and no government entity has raised an objection. *See* Meyers Decl. ¶ 5, Attachment 1, CAFA Decl. "The lack of objections favors settlement." *Knapp*, 283 F. Supp. 3d at 833.

**2.    Reaction of the Class Members.**

The reaction of the Class has been overwhelmingly positive and weighs in favor of approval. Not a single Class Member has opted out or filed an objection.

First, that 100% of the Class stayed and accepted the Settlement provides an "objective positive commentary as to its fairness" and weighs in favor of approval. *Knapp*, 283 F.Supp.3d at 834 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). Second, that ***no*** Class Members have objected "raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members" and weighs in favor of final approval. *Id.* at 833–34; *see also J.L. v. Cuccinelli*, No. 18-CV-04914-NC, 2019 WL 6911973, at *3 (N.D. Cal. Dec. 18, 2019) (no objections to the settlement weigh in favor of final approval). The Class Members' overall reaction to the Settlement supports approval.

**C.    Adequacy of and Valuation of Settlement**

Class Counsel will be prepared to address "adequacy of the settlement negotiation process, including Class Counsel's . . . statistical evidence regarding the projected value of insurance benefits alleged to be owed to the Class," at the final fairness hearing. They will also be prepared to discuss "more concrete evidence of these calculations" to allow the Court to understand how they arrived at the $14,970,000 settlement amount.

**D.    Final Payment of the Settlement**

Because Plaintiffs are required to verify whether the Class Members have any Medicare liens, and pay those liens before making any final payment, Plaintiffs request that the Court time final payment off the resolution of those liens. More specifically,

Plaintiffs request that the Court order Epiq to make all final payments within thirty days of the resolution of all Medicare liens.

### III.   CONCLUSION

Plaintiffs request that this Court enter an order granting final approval of the Settlement.

Dated: March 14, 2025

Respectfully submitted by,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: *s/ Robert B. Carey*
    Robert B. Carey
    John M. DeStefano
    Michella A. Kras
    11 West Jefferson Street, Suite 1000
    Phoenix, Arizona 85003
    Telephone: (602) 840-5900
    Facsimile: (602) 840-3012
    Email: rob@hbsslaw.com
           johnd@hbsslaw.com
           michellak@hbsslaw.com

TOBLER LAW. P.C.
    Maren Tobler Hanson (SBN 021361)
    4824 E Baseline Road, Suite 109
    Mesa, Arizona 85206
    Telephone: (480) 898-9700
    Facsimile: (480) 464-1172
    Email: litigation@toblerlaw.com

GOLDSTEIN WOODS
    Evan Goldstein (SBN 011866)
    706 E Bell Rd., Ste. 200
    Phoenix, AZ 85022
    Telephone: (602) 569-8200
    Email: egoldstein@gwfirmaz.com

THE SLAVICEK LAW FIRM
    Brett L. Slavicek
    James Fucetola
    Justin Henry
    5500 North 24th Street
    Phoenix, Arizona 85016
    Telephone: (602) 285-4420
    Fax: (602) 287-9184
    Email: brett@slaviceklaw.com
           james@slaviceklaw.com
           justin@slaviceklaw.com

*Attorneys for Plaintiffs*